**SO ORDERED.**

**SIGNED this 28th day of March, 2013.**



Janice Miller Karlin
United States Bankruptcy Judge

___

### In the United States Bankruptcy Court
### for the District of Kansas

| | | |
|---|---|---|
| In re, | ) | |
| | ) | |
| Smith Audio Visual, Inc., | ) | Case No. 11-42026-11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### Memorandum Opinion and Order Denying United States'
### Motion to Vacate Journal Entry of Confirmation

The United States of America brings this motion on behalf of the Internal Revenue Service in an effort to set aside the confirmation of Debtor Smith Audio Visual, Inc.'s Chapter 11 plan. According to the IRS, Smith Audio did not properly serve a copy of its disclosure statement and plan on the IRS, which prevented the IRS from timely objecting to the treatment of its claims under the

plan. Based upon this allegedly insufficient service, the IRS seeks to vacate the Journal Entry of Confirmation[1] entered on August 15, 2012.

This matter constitutes a core proceeding over which the Court has the jurisdiction and authority to enter a final order.[2]

I. **Findings of Fact**

The parties have stipulated to the essential facts. Smith Audio filed its Chapter 11 bankruptcy proceeding on December 16, 2011. In the creditor mailing matrix attached to its petition, Smith Audio listed the IRS as a creditor and indicated it could be served by mail at P.O. Box 21126, Philadelphia, PA, 19114.

Twenty-four days later, on January 9, 2012, the IRS responded to that notice of bankruptcy by filing a proof of claim.[3] In that proof of claim, the IRS indicated its total claim was for $178,525.41; it claimed $153,641.14 was secured by property of Smith Audio, $24,084.31 was entitled to priority treatment, and $799.96 was unsecured non-priority debt. The proof of claim form indicates that all notices should be sent to the IRS at P.O. Box 7346, Philadelphia, PA, 19101-7346. IRS later amended its proof of claim on September 25, 2012 (more than a

---

[1] Doc. 99.

[2] *See* 28 U.S.C. §§ 157(b)(2)(B) and (J) (core proceeding) and (1) (authority to hear core proceedings).

[3] Claim No. 6.

2

month after plan confirmation) to remove any secured claim and to assert that $128,960.22 of the $178,525.41 debt was entitled to priority treatment, with the remainder being a general unsecured claim.

Smith Audio filed its Chapter 11 plan on June 11, 2012,[4] followed one day later with its disclosure statement.[5] In the plan, Smith Audio placed the IRS' unsecured priority claim in Class 4, and indicated that it would be paid $24,084.31 together with interest at the rate of 4.5%. This amount is equal to the amount of the priority claim asserted by the IRS in its initial proof of claim. The plan did not recognize a secured claim by the IRS, treating the remainder of its claim as a general unsecured claim under Class 9. The plan provided that Class 9 creditors would receive 50% of the amount of their claims, with no interest. The disclosure statement indicated the IRS' claim would be treated in the same manner as was provided for in the plan.

The Court entered an order conditionally approving the disclosure statement on June 18, 2012.[6] In that order, the Court required Smith Audio to mail to all creditors a copy of the order conditionally approving the disclosure statement, the disclosure statement itself, the plan and a ballot for voting on the

---

[4] Doc. 80.

[5] Doc. 81.

[6] Doc. 89.

3

plan. The order also set July 17, 2012 as the last day creditors could file objections to either the disclosure statement or the plan. According to the certificate of service filed by Smith Audio, all of these documents were mailed to the IRS on June 19, 2012, again at P.O. Box 21126, Philadelphia, PA 19114.

Only one creditor, a bank, objected to the plan, and once its objection was resolved by the parties, the Court confirmed the plan at a hearing held on August 8, 2012. The Journal Entry of Confirmation was entered one week later, on August 15, 2012.[7] The journal entry was served on creditors by the Bankruptcy Noticing Center on August 17, 2012. The certificate of service by the BNC indicates that it was served electronically on the IRS by e-mailing a copy of the journal entry to "cio.bncmail@irs.gov," the address IRS personally selected.[8]

Two and one-half months later, on November 1, 2012, the IRS filed this motion to vacate the journal entry confirming the plan. The IRS contends that it never received a copy of the disclosure statement or plan because the address

---

[7] Doc. 99.

[8] Doc. 102. The Court asked both counsel whether they had any objection to the Court taking judicial notice of the following facts, and neither party objected: 11 USC 342(f) permits a creditor to specify a preferred mailing address to be used by all bankruptcy courts for providing notice, IRS has opted to participate in this National Creditor Registration Service (NCRS), and the address it has chosen to receive notices is the address to which the Bankruptcy Noticing Center e-mailed the confirmation order in this case to the IRS ("cio.bncmail@irs.gov").

used by Smith Audio was inaccurate. The IRS admits that the address used by Smith Audio is a valid IRS post office box, and that none of the mail sent to that address by the Court or by Smith Audio was returned as being improperly addressed. Instead, the IRS claims that the information should have been sent to the address noted in the IRS' proof of claim, which is the address our local rule also requires for service on the Internal Revenue Service. The IRS claims that had it received the plan and disclosure statement at its preferred address, it would have timely filed an objection to the plan and disclosure statement because the former failed to properly treat the IRS' priority and/or secured claims, and the latter failed to disclose the actual amounts and status of the IRS claims.

Smith Audio disputes that the IRS is entitled to any relief from the order confirming its plan and approving its disclosure statement. Smith Audio, while conceding that it failed to serve the IRS at the address required by D. Kan. LBR 2002.2,[9] and that it failed to send a copy to the local office of the United States Attorney, as the local rule also requires, asserts that it served the IRS at a valid address assigned to the IRS and that the IRS had actual notice of the plan and

---

[9] D. Kan. LBR 2002.2 requires service of any pleadings on the Internal Revenue Service be made at P.O. Box 7346, Philadelphia, PA, 19101-7346, as well as on the Office of the United States Attorney in the city in which the petition was filed.

5

disclosure statement. It also asserts that IRS had actual notice of the order of confirmation in time to appeal or seek reconsideration of it, which it failed to do.

For the reasons set forth below, the Court denies the motion to set aside the journal entry confirming the Chapter 11 plan and approving Smith Audio's disclosure statement.

## II. Analysis

The IRS filed this motion under Fed. R. Civ. P. 60(b)(1) and (6).[10] Rule 60 provides the court with the power to relieve a party from a final judgment, order, or proceeding for, *inter alia,* "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."[11] Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances.[12] "Rule 60(b) of the Federal Rules of Civil Procedure strikes a delicate balance between two countervailing impulses of the judiciary: 'The desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'"[13]

---

[10] Fed. R. Civ. P. 60 is made applicable to this proceeding, with certain limitations, by Fed. R. Bankr. P. 9024.

[11] Fed. R. Civ. P. 60(b)(1) and (6).

[12] *Mullin v. High Mountain*, 182 F. App'x 830, 832 (10th Cir.2006).

[13] *Id.* (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

6

In analyzing a motion filed pursuant to Rule 60(b)(1), the court should consider "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[14] "While there is a preference for resolving disputes on their merits, 'a workable system of justice requires that litigants not be free to appear at their pleasure.'"[15] Factors in determining whether excusable neglect exists include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[16]

Smith Audio relies extensively on the recent Supreme Court decision in *United Student Aid Funds, Inc. v. Espinosa*[17] to argue that Rule 60 does not provide the IRS any relief from the order confirming the plan. In *Espinosa*, the debtor filed a Chapter 13 bankruptcy petition in 1992. Espinosa's plan listed student loan indebtedness, but provided for payment of only the principal on

---

[14] *Id.* at 833.

[15] *Baer v. Daley*, 2012 WL 5200029 at *3 (D. Kan. 2012 Oct. 22, 2012) (quoting *Cessna Fin. Corp.*, 715 F.2d at 1444).

[16] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

[17] 559 U.S. 260, 130 S.Ct. 1367 (2010).

7

that debt, stating that the remainder—the accrued interest—would be discharged upon completion of the plan. The clerk of the bankruptcy court served the student loan creditor, United Student Aid Funds, Inc., with a copy of the plan along with a notice of the deadline for filing a proof of claim. United timely filed a proof of claim, but did not object to the proposed discharge of the student loan interest, nor did it object to the debtor's failure to initiate an adversary proceeding to determine if the debt was dischargeable, as required by the Federal Rules of Bankruptcy Procedure. The debtor's plan was confirmed and he completed his plan and received his discharge, in May 1997. In 2000, the student loan creditor started efforts to collect the unpaid interest from the student loans. This collection action prompted the debtor to file a motion with the bankruptcy court seeking enforcement of the discharge order.

United opposed the motion to enforce the discharge order, and filed its own motion under Fed. R. Civ. P. 60(b)(4) seeking to set aside the order confirming the Chapter 13 as void. United claimed that the plan provision authorizing the discharge of the student loan interest was inconsistent with the Code because it did not require the bankruptcy court to make a finding of undue hardship. United also claimed that because it had not been served with a summons and complaint, as required by the Federal Rules of Bankruptcy Procedure, its due process rights had been violated.

8

The Supreme Court rejected United's claims and held that it was not entitled to any relief under Rule 60(b)(4). The Court held that because United had received actual notice of the offending Chapter 13 plan in time for it to raise an objection before the bankruptcy court, its due process rights were not violated despite the fact it was not served with a copy of a summons and complaint as required by the federal rules. The Court also found that the debtor's failure to comply with the Federal Rules of Bankruptcy Procedure by not initiating an adversary proceeding, as well as the debtor's failure to comply with the bankruptcy code by discharging a portion of a student loan debt without first obtaining a determination that repayment of the debt would cause an undue hardship, were not grounds for invalidating the order confirming the Chapter 13 plan under Rule 60(b)(4).

The IRS claims that *Espinosa* is distinguishable and does not support Smith Audio's objection to setting aside the order confirming the Chapter 11 plan. It argues that *Espinosa* was limited to deciding whether a creditor that received actual notice of a proposed plan could seek relief from an order confirming that plan on the basis that the confirmation order was void under Rule 60(b)(4) when the plan proponent did not serve the plan in accordance with the rules. The IRS admits that it is not entitled to relief under Rule 60(b)(4) and has specifically stated it is not seeking relief under that subsection. Instead, the

9

IRS is seeking relief under Rule 60(b)(1) and (6), which were not addressed in *Espinosa.*

The Court agrees that *Espinosa* is not dispositive of the issues in this case—*Espinosa* only dealt with whether a judgment was void under Rule 60(b)(4). Accordingly, *Espinosa* is admittedly not binding precedent for the question of whether the IRS is entitled to relief under Rule 60(b)(1) or (6). But *Espinosa* does provide guidance as to the interplay between the need for finality of reorganization plans and relief under Rule 60. In rejecting relief to the creditor, the Supreme Court in *Espinosa* stated

> Rule 60(b)(4) does not provide a license for litigants to sleep on their rights. United had actual notice of the filing of Espinosa's plan, its contents, and the Bankruptcy Court's subsequent confirmation of the plan. In addition, United filed a proof of claim regarding Espinosa's student loan debt, thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim. United therefore forfeited its arguments regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court.
>
> Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute. Where, as here, a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief.[18]

---

[18]*Espinosa*, 130 S.Ct. at 1380 (internal citations omitted).

The Court recognizes that the conduct of the IRS in this case is less egregious than that of United in the *Espinosa* case, since it only waited two and one-half months, instead of 8 years, to bring the matter to the Court's attention. That said, the undisputed facts demonstrate that the IRS had actual notice of the plan and disclosure statement, even if that notice was sent to a different IRS post office box than the one it preferred.

It is undisputed that the plan and disclosure statement were mailed to the IRS on June 26, 2012 and the journal entry confirming the Chapter 11 plan was not entered until August 15, 2012, nearly two months later. Even with the notice being served on a different post office box belonging to the IRS, it appears there was ample time for a properly trained IRS employee to route the documents to the proper department and raise an objection to the plan and disclosure statement prior to the confirmation of the plan and the approval of the disclosure statement.

It must also be remembered that when IRS received notification that Debtor had filed its bankruptcy petition, which petition it received at the same address where the plan and disclosure statement were mailed, it responded by only 24 days later filing a proof of claim. Accordingly, Debtor did use a valid IRS address where employees are apparently trained to deal with bankruptcy matters. The IRS provides no argument, or factual details, about how it

11

constitutes "excusable" neglect for it to not train its own employees (who work in one of its offices in Philadelphia that deals with taxpayers who file bankruptcy) to forward legal documents to whatever office it chooses, also in Philadelphia, for review of the plan and disclosure statement.[19] It also provides no argument why it took over two months for the plan and disclosure statement to make its way to the legal department or other office that handles bankruptcy court matters. The training of its employees to properly route documents is within the reasonable control of the IRS. Clearly there was neglect; the Court is simply unable to find that the neglect is excusable.

More importantly, the IRS admits that it electronically received the journal entry confirming the plan on August 17, 2012 at the very address it directed the BNC to use. Notwithstanding its receipt of the order at that

---

[19] *Cf. In re Reyes v. Standard Parking Corp.*, 41 B.R. 153, 160 (D.R.I. 2011) (holding that "[i]n the bankruptcy context, notice to a company's branch or division generally satisfies the due process requirements of notice for the entire company."); *In re Frontzak*, 2009 WL 4576040, at *3 (Bankr. N.D. Ill. 2009) (finding notice properly served despite its receipt by the wrong division of Wells Fargo bank, and stating "[f]or purposes of due process, moreover, notice to one arm or division of a business entity has frequently been held adequate notice to another arm or division of the same entity"); *In re Petroleum Prod. Mgmt., Inc.*, 240 B.R. 407, 415 (Bankr. D. Kan. 1999) ("A creditor who chooses to operate its business by dividing its activities into various departments cannot shield itself against notice properly sent to the creditor in its name and at its place of business."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Broadhead*, 155 B.R. 856, 858–59 (S.D.N.Y. 1993) ("There is no statutory requirement, however, that one identify the specific division of a company on a bankruptcy notice. Nor is it required by due process. Once delivered, it is the responsibility of the creditor to distribute the notice to the appropriate party within its organization."); and *In re Drexel Burnham Lambert Group, Inc.*, 129 B.R. 22, 24 (Bankr. S.D.N.Y. 1991) (finding notice properly served on branch offices of a bank because the bank "bears responsibility for having adequate systems in place to ensure that legal notices and other communications reach the appropriate parts of its business empire").

address, it failed to file the current motion to set aside the journal entry until November 1, 2012—approximately two and one-half months later. Despite receiving timely and accurate service of the order, the IRS failed to take prompt action to set aside the order (or appeal it) to keep the Chapter 11 plan from being implemented.

Although the delays by the IRS in this matter are admittedly not extreme, the fact that the IRS is seeking to set aside an order confirming a Chapter 11 plan is an important factor in the Court's decision. The implementation of a Chapter 11 plan can be a very involved process, which is the basis for the need for finality in the confirmation process. "Any number of scenarios can and do play out under the terms of a confirmed plan. Credit is extended, assets are sold, corporate entities are created or merged, and so on."[20]

In fact, the need for finality in the confirmation of Chapter 11 plans is highlighted by the strict requirements of 11 U.S.C. § 1144, which mandates that an order confirming a Chapter 11 plan can be revoked "if and only if" the plan was procured by fraud and the motion to revoke the confirmation order is filed within 180 days of confirmation. Although Smith Audio has not raised § 1144 as a defense to the current motion, numerous courts have held that the "if and only if" language contained in § 1144 precludes any application of Rule 60(b) or

---

[20] *In re Winom Tool and Die, Inc.*, 173 B.R. 613, 616 (Bankr. E.D. Mich. 1994).

13

invocation of the Court's equitable powers under 11 U.S.C. § 105 to set aside an order confirming a plan unless fraud is alleged.[21] And IRS has not alleged fraud. Because the Court finds that relief is not warranted under Rule 60(b), it declines to reach the question whether § 1144 also precludes the relief requested by the IRS.

In denying relief to the IRS, the Court does not imply that the IRS acted with bad faith or intentionally sat on its rights with respect to this claim. The Court is also not condoning Smith Audio's failure to comply with the local rule requiring service at a particular address and requiring notice to the United States Attorney. Instead, the Court is focused more squarely on the need for finality in the Chapter 11 confirmation process, and on the concepts of due process. IRS had clearly submitted itself to this Court's jurisdiction with respect to its claim when it filed its proof of claim, and was required to act accordingly. Had the IRS timely sought relief from the order confirming the plan and approving the disclosure statement after being properly served with those pleadings by the BNC at the very electronic address it selected—rather than waiting well over two months to seek relief—the outcome of this matter may

---

[21] *See, e.g. In re Logan Place Properties, LTD*, 327 B.R. 811 (2005) (holding that Rule 60(b) is inapplicable to motions to set aside an order confirming a Chapter 11 plan, and that the exclusive means to set aside a confirmation order is 11 U.S.C. § 1144); *In re Winom Tool and Die, Inc.*, 173 B.R. at 616 (holding that "Congress made the considered choice that only fraud would warrant an attempt to 'unscramble the egg,' and even then only within the 180-day time frame imposed by § 1144).

14

have been different. This is especially true given the fact that it was Smith Audio's failure to follow the local rule and to serve pleadings at the address requested in IRS' proof of claim that exacerbated the problem, and given the apparent windfall that it may receive as a result. As it stands, however, the Court finds that the extraordinary relief IRS seeks under Rule 60(b) is not appropriate in this case and denies the IRS' motion.

**It is, therefore, by the Court ordered** that the United States' Motion to Vacate Journal Entry of Confirmation[22] is denied.

###

---

[22] Doc. 106.